UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GARY L. STIBB,**

        **Petitioner,**

        v.                                   Case No. 04-C-84

**MATTHEW J. FRANK,**

        **Respondent.**

**ORDER**

Gary L. Stibb ("Stibb") is a prisoner incarcerated pursuant to a state court conviction for child enticement. Proceeding pro se, Stibb petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After screening Stibb's petition under Rule 4 of the Rules Governing Section 2254 Cases, the court ordered the respondent to answer Stibb's petition as to three alleged grounds for relief. The parties have consented to the full jurisdiction of a magistrate judge.

On March 13, 2006, this court denied Stibb's petition on its merits. On March 22, 2006, Stibb filed a motion for reconsideration in which he argues that the victim identified the wrong person and that the court improperly relied upon hearsay. On September 21, 2006, Stibb filed a motion for an evidentiary hearing and a motion to appoint counsel. On October 24, 2006 Stibb filed a notice of appeal.

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) is not a mechanism by which a party may present issues already argued and determined by the court. In other words, a motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in

Manitowoc v. Cincinnati Ins. Co., 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id. Stibb makes no effort to present newly discovered evidence and therefore the court presumes that Stibb proceeds on the theory that this court's decision was based upon a manifest error of law or fact.

Stibb first argues that victim identified the wrong person. This issue is a factual question that was resolved by the jury. It is not subject to challenge in a federal habeas petition and certainly not in a motion to reconsider. Stibb next argues that this court as well as the state courts improperly relied upon hearsay of Tim Treadway in their decisions. However, this court and the state courts merely considered Treadway's potential testimony as relevant to the strategy of Stibb's trial attorney. Had Stibb's trial attorney engaged in the sort of argument that Stibb argues he should have, it would have opened the door to Treadway's testimony that Stibb had confessed to the crime. Thus, trial counsel's strategy was not unreasonable and therefore not ineffective. Stibb fails to demonstrate that this court's decision was based upon a manifest error of law or fact, and therefore Stibb's motion for reconsideration shall be denied.

As for Stibb's motion for an evidentiary hearing, following a judgment on the merits of the petition an evidentiary hearing is unavailable to a petitioner. Therefore, Stibb's motion for an evidentiary hearing is baseless and shall be denied. After a court's judgment on the merits, ordinarily, a petitioner's only option is to request a certificate of appealability ("COA") under 28 U.S.C. § 2253. However, Stibb has not requested a COA. Nonetheless, Stibb has filed a notice of appeal. Federal Rule of Appellate Procedure 22(a)(1) instructs that upon the filing of a notice of

appeal, the district court that denied the petition must either issue a COA or state why a COA should not issue. For the reasons set forth below, this court declines to issue a COA.

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, a petitioner is not required to prove that some jurists might grant the petition; "a claim can be debatable even though every jurist of reason might agree." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Stibb raised three grounds for relief in his habeas petition. First, Stibb alleged that a juror was biased. Second, Stibb argued that his trial counsel was ineffective. Third, Stibb argued that the victim's identification of him violated his due process rights.

As for Stibb's first ground, the Wisconsin Court of Appeals determined that the suspect juror was impartial. This court determined that this conclusion was sound. At this stage, this court is unable to say that jurists of reason could debate whether the court of appeals' decision was either contrary to, or was based on an unreasonable application of, federal law, or was an unreasonable application of the facts.

As for Stibb's second claim, the court of appeals determined that Stibb would be unable to demonstrate prejudice. This court determined that the court of appeals' decision was not clearly contrary to or based upon an unreasonable application of the precedent of Strickland v. Washington, 466 U.S. 668 (1984). This court does not believe that jurists of reason could debate this court's conclusion.

Finally, as for Stibb's third claim, the court of appeals did not directly address this issue but did so implicitly when the court determined that Stibb was not prejudiced by his attorney's failure to challenge Stibb's identification. This court concluded that the court of appeals' reasoning was

3

not clearly contrary to or based upon an unreasonable application of federal law. On this point, this court does not believe that jurists of reason may debate. Even if the identification was unnecessarily suggestive, nonetheless, as explained in this court's order rejecting Stibb's petition on its merits, the evidence indicates that the identification was reliable. This court does not believe that this point would be subject to debate among jurists of reason. Because this court does not believe that any of Stibb's claims for relief would be subject to debate among jurists of reason, this court shall decline to issue a certificate of appealability.

Finally, Stibb's motion for appointment of counsel shall be denied. Because this court has denied Stibb's request for a certificate of appealability and does not believe that jurists of reason could debate the merits of Stibb's petition, this court does not believe that the interests of justice would be served by the appointment of counsel. See 18 U.S.C. § 3006A(a)(2); see also, Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997).

**IT IS THEREFORE ORDERED** that Stibb's motion for reconsideration is **denied**.

**IT IS FURTHER ORDERED** that Stibb's motion for an evidentiary hearing is **denied**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that Stibb's motion for appointment of counsel is **denied**.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge